IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HOUSE OF SEA GAYLE MUSIC, W
CHAPPELL MUSIC CORP. d/b/a WC MUSIC
CORP., MAJOR BOB MUSIC CO., INC., and
SCHARLET MOON MUSIC, INC.,

        Plaintiffs,

      v.

TJW LLC and TIMOTHY WILSON,

        Defendants.

No. 2:26-cv-01943

COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1.　　This is a suit for copyright infringement under Title 17 of the United States Code (17 U.S.C. § 501 et seq.).

2.　　This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3.　　Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. **Schedule A**, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

1

**THE PARTIES**

4.    The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.    On information and belief, TJW LLC ("TJW") is a limited liability company organized under the laws of the State of New Mexico with offices at located at 101 E Union Avenue, Las Cruces, New Mexico 88001.

6.    At all times hereinafter mentioned, TJW did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Whiskey Dicks, located at 101 E Union Avenue, Las Cruces, New Mexico 88001.

7.    Musical compositions were and are publicly performed at Whiskey Dicks.

8.    On information and belief, defendant Timothy J. Wilson ("Wilson" and, together with TJW, the "Defendants") is an individual who resides and/or does business in this District.

9.    On information and belief, at all times hereinafter mentioned, Wilson was, and still is, a member, manager and/or owner of TJW.

10.    At all times hereinafter mentioned, Wilson was, and still is, responsible for the control, management, operation and maintenance of the affairs of TJW.

11.    At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Whiskey Dicks, including the right and ability to supervise and control the public performance of musical compositions at Whiskey Dicks.

12.    Each Defendant derives a direct financial benefit from the public performance of musical compositions at Whiskey Dicks.

---

\* All references to "columns" herein refer to the numbered columns set forth in Schedule A.

2

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

14.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants obtained an ASCAP license agreement for Whiskey Dicks effective October 1, 2016.

(b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendants' failure to pay license fees due, on April 30, 2019, upon written notice, ASCAP terminated the ASCAP license for Whiskey Dicks.

16.     On numerous occasions since April 30, 2019, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to relicense the establishment. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and phone.

17.     Defendants have refused all of ASCAP's offers to relicense Whiskey Dicks.

18.     As a result of the foregoing, Whiskey Dicks has been unlicensed by ASCAP since April 30, 2019.

19.     ASCAP's various communications offering to relicense Whiskey Dicks gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Whiskey Dicks constitute copyright infringement.

20.     Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Whiskey Dicks, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

21.     The many unauthorized performances at Whiskey Dicks include the three copyrighted musical compositions upon which this action is based.

22.     The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

23.     The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

24.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25.     Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Whiskey Dicks, for the entertainment and

amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26. The public performances at Whiskey Dicks of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

27. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

28. The many unauthorized performances at Whiskey Dicks include the performances of the three copyrighted musical compositions upon which this action is based.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

30. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions — or any of them — and from causing or permitting the said compositions to be publicly performed at Whiskey Dicks, or at any place owned, controlled, managed, maintained, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

5

2.      That Defendants be decreed to pay such statutory damages as the Court shall appear just, as specified in 17 U.S.C. § 504(c).

3.      That Defendants be decreed to pay the costs of this action and that a reasonable attorneys' fee be allowed as part of the costs, as specified in 17 U.S.C. § 505.

4.      For such other and further relief as may be just and equitable, including but not limited to any applicable pre-judgment and post-judgment interest.

DATED this 16th day of June, 2026.

SNELL & WILMER L.L.P.

By: _____
Todd E. Rinner
201 Third St. NW #1950
Albuquerque, NM 87102
trinner@swlaw.com
(T) 520-882-1200

*Attorneys for Plaintiffs House of Sea Gayle Music, W Chappell Music Corp. d/b/a WC Music Corp., Major Bob Music Co., Inc., Scarlet Moon Music, Inc.*

6